UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ROBERT FARRIS and CANDICE
VALENTINE-FARRIS,   No. 10-11066

Debtor(s).
_____/

Memorandum on Motion to Vacate Discharge
_____

On June 30, 2010, the U.S. Trustee and debtors' counsel entered into a stipulation extending the time for the U.S. Trustee to file a motion to dismiss or object to the discharge. There was no motion for such relief pending at the time; the stipulation was entirely voluntary.

Due to and admitted mistake by the U.S. Trustee, the stipulation was not filed and an order on the stipulation was not transmitted to the court until July 9, 2010. In the meantime, the deadline for objecting to the discharge was July 6, 2010, and the debtors' discharge was duly entered on July 7, 2010.

Rule 4004(c) of the Federal Rules of Bankruptcy Procedure requires the court to enter the debtor's discharge as soon as the time for objection has passed unless one of 12 exceptions applies. Since the U.S. Trustee never filed any sort of motion for extension, none of the 12 exceptions was applicable; the discharge was properly entered. Under such circumstances, the discharge may not be

1

vacated or set aside. *In re Dombroff*, 192 B.R. 615, 622 (S.D.N.Y. 1996)["A stipulation is ineffective to extend the time to file objections to discharge unless 'so ordered' by the court."]. Retroactive relief is not permitted by Rule 4004. *Id.* At 617.

  For the foregoing reasons, the motion will be denied. Any party may submit an appropriate form of order.

Dated: July 23, 2010

                   Alan Jaroslovsky
                   U.S. Bankruptcy Judge